UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CHRISTOPHER CANTRELL, Individually and for Others Similarly Situated,<br><br>v.<br><br>LUTECH RESOURCES, INC. | CASE NO. 4:17-CV-2679<br><br>FLSA COLLECTIVE ACTION |

## ORIGINAL COMPLAINT

### SUMMARY

1. Lutech Resources, Inc. (Lutech) did not pay Christopher Cantrell (Cantrell) overtime as required by federal law.

2. Instead, Lutech paid Cantrell, and other workers like him, at the same hourly rate for all hours worked, including those in excess of 40 in a workweek.

3. Cantrell brings this collective action to recover unpaid overtime and other damages.

### JURISDICTION AND VENUE

4. Because this case raises a federal question under 29 U.S.C. § 216(b), this Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 a significant portion of the facts giving rise to this lawsuit occurred in this District.

6. For example, Lutech is hired Cantrell from its office in Houston, Texas, which is in this District and Division.

7. Lutech also paid Cantrell from its office in this District and Division.

8. Further, Lutech is headquartered in this District and Division.

## THE PARTIES

9. Cantrell was an hourly employee of Lutech.

10. His written consent is attached.

11. Cantrell brings this collective action on behalf of all hourly employees of Lutech who were paid "straight time for overtime" during the past 3 years.

12. Lutech is a company formed in Delaware, but headquartered in Houston, Texas.

13. Lutech may be served with process by serving its registered agent.

## THE FACTS

14. Lutech "has over 25 years' experience providing tailor made recruitment and integrated resource management to leading Engineering, Resources, Energy and Manufacturing sector companies worldwide."[1]

15. In each of the past 3 years, Lutech's gross volume of sales done has exceeded $500,000.

16. Lutech operates in states across the country.

17. Indeed, Lutech's "operations experience spans the globe."[2]

18. Lutech performs substantial work in the Southern District of Texas.

19. This business includes hiring and paying Cantrell for the work he performed.

20. Cantrell started working for Lutech in early 2015.

21. Cantrell stopped working for Lutech in early 2016.

22. Lutech employed Cantrell as a "QC Inspector."

23. Lutech paid Cantrell by the hour.

24. Cantrell's starting "Straight-Time Hourly Rate" was $50.

25. Cantrell's "Overtime Hourly Rate" was also $50.

---

[1] http://www.lutechresources.com/
[2] http://www.lutechresources.com/services

2

26. Cantrell reported the hours he worked to Lutech on a regular basis.

27. If Cantrell worked fewer than 40 hours in a week, Lutech only paid him for the hours he worked (plus any accrued PTO).

28. But Cantrell normally worked more than 40 hours in a week.

29. Cantrell regularly worked 55 hours a week or more.

30. Because he was paid by the hour, Cantrell reported his work hours to Lutech.

31. Lutech has accurate records of the hours Cantrell worked.

32. Thus, the hours Cantrell worked are plainly reflected in Lutech's records, including its payroll records.

33. Lutech paid Cantrell at the same hourly rate for all hours worked, including those in excess of 40 in a workweek.

34. Thus, rather than receiving time and half as required by the FLSA, Cantrell only received "straight time" pay for overtime hours worked.

35. This "straight time for overtime" payment scheme violates the FLSA.

36. Lutech was well aware of the overtime requirements of the FLSA.

37. The Department of Labor poster, which Lutech is required by law to display, makes it clear that overtime must be paid at "1½ times the regular rate of pay" rather than at the same hourly rate as non-overtime hours.



38. In addition, on information and belief, Lutech pays overtime to certain "in-house" hourly staff (such as secretaries and receptionists).

3

39. Further, Lutech's parent company has been investigated by the Department of Labor, giving it additional notice of the FLSA's overtime requirements.[3]

40. Despite knowing what the FLSA required, Lutech failed to pay certain hourly employees, such as Cantrell, overtime.

41. Lutech's failure to pay overtime to Cantrell, and the other workers like him, was, and is, a willful violation of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

42. Lutech's illegal "straight time for overtime" policy extends well beyond Cantrell.

43. Lutech's "straight time for overtime" payment plan is the "policy that is alleged to violate the FLSA" in this FLSA collective action. *Bursell v. Tommy's Seafood Steakhouse*, No. CIV.A. H-06-0386, 2006 WL 3227334, at *3 (S.D. Tex. Nov. 3, 2006).

44. Lutech's paid dozens of workers according to the same unlawful scheme.

45. Lutech has accurate records of the hours worked by its hourly workers.

46. Lutech has accurate records of the wages paid to its hourly workers.

47. Therefore,

48. Any differences in job duties do not detract from the fact that these hourly workers were entitled to overtime pay.

49. The workers impacted by Lutech's "straight time for overtime" scheme should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).

50. Therefore, the class is properly defined as:

**All hourly employees of Lutech who were paid "straight time for overtime" at any point in the past 3 years.[4]**

---

[3] Lutech's parent, CB&I, is facing its own FLSA collective action in a related case. *See Terry, et al. v. Chicago Bridge & Iron Company, et al.,* Case No. 4:17-cv-367 (S.D. Texas).
[4] The class is further limited to workers covered by the FLSA. *See* 29 U.S.C. § 213(f).

## CAUSE OF ACTION

51. By failing to pay Cantrell and those similarly situated to him overtime at one-and-one-half times their regular rates, Lutech violated the FLSA's overtime provisions.

52. Lutech owes Cantrell and those similarly situated to him the difference between the rate actually paid and the proper overtime rate.

53. Because Lutech knew, or showed reckless disregard for whether, its pay practices violated the FLSA, Lutech owes these wages for at least the past three years.

54. Lutech is liable to Cantrell and those similarly situated to him for an amount equal to all unpaid overtime wages as liquidated damages.

55. Cantrell and those similarly situated to him are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

## PRAYER

Cantrell prays for relief as follows:

1. An order allowing this action to proceed as a collective action under the FLSA and directing notice to all hourly employees who received straight time for overtime;

2. Judgment awarding Cantrell and those similarly situated to him all unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA;

3. An award of pre- and post-judgment interest on all amounts awarded at the highest rate allowable by law; and

4. All such other and further relief to which Cantrell and those similarly situated to him may show themselves to be justly entitled.

Respectfully submitted,

**BRUCKNER BURCH PLLC**

By: /s/ Rex Burch
       _____
       Richard J. (Rex) Burch
       Texas Bar No. 24001807
       David I. Moulton
       Texas Bar No. 24051093
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
(713) 877-8788 – Telephone
(713) 877-8065 – Facsimile
rburch@brucknerburch.com

Michael A. Josephson
Texas Bar No. 24014780
Andrew W. Dunlap
Texas Bar No. 24078444
**JOSEPHSON DUNLAP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
Tel: (713) 352-1100
Fax: (713) 352-3300
mjosephson@mybackwages.com
adunlap@mybackwages.com

## CONSENT TO JOIN WAGE CLAIM

Print Name: Chris Cantrell

1. I hereby consent to participate in a collective action lawsuit against Lutech Resources to pursue my claims of unpaid overtime during the time that I worked with the company.

2. I understand that this lawsuit is brought under the Fair Labor Standards Act, and consent to be bound by the Court's decision.

3. I designate the law firm and attorneys at JOSEPHSON DUNLAP as my attorneys to prosecute my wage claims.

4. I authorize the law firm and attorneys at JOSEPHSON DUNLAP to use this consent to file my claim in a separate lawsuit, class/collective action, or arbitration against the company.

Signature: Chris Cantrell (Aug 28, 2017)    Date Signed: Aug 28, 2017