### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | |
|---|---|
| CHRISTOPHER CANTRELL, Individually and for Others Similarly Situated,<br><br>v.<br><br>LUTECH RESOURCES, INC. | **Case No. 4:17-cv-2679**<br><br>FLSA Collective Action<br><br>Rule 23 Class Action |

### FIRST AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT

#### SUMMARY

1.     Lutech Resources, Inc. (Lutech) did not pay Christopher Cantrell (Cantrell) overtime as required by federal law.

2.     Instead, Lutech paid Cantrell, and other workers like him, at the same hourly rate for all hours worked, including those in excess of 40 in a workweek.

3.     Cantrell brings this class and collective action to recover unpaid overtime and other damages.

#### JURISDICTION AND VENUE

4.     Because this case raises a federal question under 29 U.S.C. § 216(b), this Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

5.     The Court also has federal jurisdiction over this action pursuant to the jurisdictional provisions of the Class Action Fairness Act. 28 U.S.C. § 1332(d).

6.     The Court also has supplemental jurisdiction over any state law causes of action pursuant to 28 U.S.C. § 1367 because arise from the same nucleus of operative facts.

7.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a significant portion of the facts giving rise to this lawsuit occurred in this District.

8.      For example, Lutech hired Cantrell from its office in Houston, Texas, which is in this District and Division.

9.      Lutech also paid Cantrell from its office in this District and Division.

10.     Further, Lutech is headquartered in this District and Division.

## THE PARTIES

**Christopher Cantrell**

11.     Cantrell is a resident of Bossier City, Louisiana.

12.     Cantrell worked for Lutech in the State of Texas from early 2015 until early 2016.

13.     Lutech employed Cantrell as a "QC Inspector."

14.     Cantrell was an hourly employee of Lutech.

15.     His written consent is on file with the Court.

**Lutech**

16.     Lutech is a company formed in Delaware, but headquartered in Houston, Texas.

17.     Lutech has previously been served with process and has appeared herein.

18.     Lutech "has over 25 years' experience providing tailor made recruitment and integrated resource management to leading Engineering, Resources, Energy and Manufacturing sector companies worldwide."[1]

19.     In each of the past 3 years, Lutech's gross volume of sales done has exceeded $500,000.

20.     Lutech operates in states across the country.

21.     Indeed, Lutech's "operations experience spans the globe."[2]

22.     Lutech performs substantial work in the Southern District of Texas.

---

[1] http://www.lutechresources.com/
[2] http://www.lutechresources.com/services

## FACTS

23.    Lutech's business includes hiring and paying Plaintiffs for the work they performed.

24.    Lutech paid Plaintiffs by the hour but did not pay them an overtime premium for hours worked in excess of 40 hours per week.

25.    For example, Cantrell's starting "Straight-Time Hourly Rate" was $50.

26.    Cantrell's "Overtime Hourly Rate" was also $50.

27.    Cantrell reported the hours he worked to Lutech on a regular basis.

28.    If Cantrell worked fewer than 40 hours in a week, Lutech only paid him for the hours he worked (plus any accrued PTO).

29.    But Cantrell normally worked more than 40 hours in a week.

30.    Cantrell regularly worked 55 hours a week or more.

31.    Because he was paid by the hour, Cantrell reported his work hours to Lutech.

32.    Lutech has accurate records of the hours Cantrell worked.

33.    Thus, the hours Cantrell worked are plainly reflected in Lutech's records, including its payroll records.

34.    Lutech paid Cantrell at the same hourly rate for all hours worked, including those in excess of 40 in a workweek.

35.    Thus, rather than receiving time and half as required by the FLSA and various state laws, Cantrell only received "straight time" pay for overtime hours worked.

36.    This "straight time for overtime" payment scheme violates the FLSA and the wage and hour laws of Illinois, Massachusetts, Maryland, New York, New Jersey and Pennsylvania.

37.    Lutech knew of the overtime requirements of the FLSA, as well as Illinois, Massachusetts, Maryland, New York, New Jersey, and Pennsylvania law.

38.    For example, the U.S. Department of Labor poster, which Lutech is required by law to display, makes it clear that overtime must be paid at "1½ times the regular rate of pay" rather than at the same hourly rate as non-overtime hours.



39.    In addition, on information and belief, Lutech pays overtime to certain "in-house" hourly staff (such as secretaries and receptionists).

40.    Further, Lutech's parent company was investigated by the Department of Labor, giving it additional notice of the FLSA's overtime requirements.[3]

41.    Despite knowing what the FLSA and state overtime laws required, Lutech failed to pay certain hourly employees, such as Plaintiffs' overtime.

42.    Lutech's failure to pay overtime to Cantrell, and the other workers like him, was, and is, a willful violation of the FLSA and the overtime laws of Illinois, Massachusetts, Maryland, New York, New Jersey, and Pennsylvania.

### COLLECTIVE ACTION ALLEGATIONS

43.    Cantrell brings the First Cause of Action, an FLSA claim, on behalf of himself and all other similarly situated Lutech employees and former employees.

---

[3] Lutech's parent, CB&I, is facing its own FLSA collective action in a related case. *See Terry, et al. v. Chicago Bridge & Iron Company, et al.,* Case No. 4:17-cv-367 (S.D. Texas).

44.     Specifically, Cantrell brings this action on behalf of the following class:

**All hourly employees of Lutech who were paid "straight time for overtime" at any point in the past 3 years[4] (the FLSA Class).**

45.     Lutech's illegal "straight time for overtime" policy extends well beyond Cantrell.

46.     Lutech's "straight time for overtime" payment plan is the "policy that is alleged to violate the FLSA" in this FLSA collective action. *Bursell v. Tommy's Seafood Steakhouse*, No. CIV.A. H-06-0386, 2006 WL 3227334, at *3 (S.D. Tex. Nov. 3, 2006).

47.     Lutech's paid hundreds of workers according to the same unlawful scheme.

48.     Lutech has accurate records of the hours worked by its hourly workers.

49.     Lutech has accurate records of the wages paid to its hourly workers.

50.     Any differences in job duties do not detract from the fact that each of these hourly workers were entitled to overtime pay.

51.     The workers impacted by Lutech's "straight time for overtime" scheme should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).

## RULE 23 CLASS ACTION ALLEGATIONS

52.     Cantrell brings the Second and Third Causes of Action, claims under the Illinois Wage Payment and Collection Act, 820 ILCS 115/1, *et seq.* (IWPCA) and the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.* (IMWL) as a class action under Rule 23 of the Federal Rules of Civil Procedure, on behalf of himself and a class of persons consisting of:

**All hourly employees of Lutech employed in Illinois who were paid "straight time for overtime" during the past three years (the Illinois Class).**

53.     The members of the Illinois Class are so numerous that joinder of all members is impracticable.

_____

[4] This class is further limited to workers covered by the FLSA. *See* 29 U.S.C. § 213(f).

54.     Upon information and belief, the size of the Illinois Class is in excess of 50 individuals.

55.     Although the precise number of such employees is unknown, the facts on which the calculation of that number depends are presently within the sole control of Lutech.

56.     Lutech has acted or has refused to act on grounds generally applicable to the Illinois Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Illinois Class as a whole.

57.     Common questions of law and fact exist as to the Illinois Class that predominate over any questions only affecting them individually and include, but are not limited to, the following:

a) whether Lutech violated the IWPCA, the IMWL, and the supporting Illinois Department of Labor regulations, as alleged herein;
b) whether Lutech correctly compensated the Illinois Class for hours worked in excess of 40 hours per workweek;
c) the nature and extent of class-wide injury and the measure of damages for those injuries.

88.     The claims of Cantrell are typical of the claims of the Illinois Class he seeks to represent.

89.     Cantrell and all the Illinois Class members work, or have worked, as hourly employees at Lutech and have been paid "straight time for overtime."

90.     The Illinois Class members enjoy the same statutory rights under the IWPCA and IMWL to be paid for all hours worked and to be paid overtime wages.

91.     Cantrell and the Illinois Class members have all sustained similar types of damages as a result of Lutech's "straight time for overtime" pay policy.

92.     Cantrell and the Illinois Class members have all been injured in that they have been uncompensated or under-compensated due to Lutech's common policies, practices, and patterns of conduct.

93.     Cantrell will fairly and adequately represent and protect the interests of the Illinois Class members.

94.     Plaintiffs have retained counsel competent and experienced in complex class actions and employment litigation.

95.     There is no conflict between Cantrell and the Illinois Class members.

96.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation.

97.     The members of the Illinois Class have been damaged and are entitled to recovery as a result of Lutech's violations of the IWPCA and IMWL as well as their common and uniform policies, practices, and procedures.

98.     Although the relative damages suffered by individual Illinois Class members are not *de minimis,* such damages are small compared to the expense and burden of individual prosecution of this litigation.

99.     The individual Plaintiffs' lack the financial resources to conduct a thorough examination of Lutech's timekeeping and compensation practices and to prosecute vigorously a lawsuit against Lutech to recover such damages.

100.    In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Lutech's practices.

101.    These claims under Illinois law are properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

102.    Cantrell brings the Fourth and Fifth Causes of Action, claims under the Maryland Wage Payment and Collection Law, Md. Code Ann., Labor & Employment Article, § 3-501, *et seq.* (MWPCL) and the Maryland Wage and Hour Law, Md. Code Ann., Labor & Employment Article, § 3-401, et seq. (MWHL), as a class action under Rule 23 of the Federal Rules of Civil Procedure, on behalf of himself and a class of persons consisting of:

> **All hourly employees of Lutech employed in Maryland who were paid "straight time for overtime" during the past three years (the Maryland Class).**

7

103.     The members of the Maryland Class are so numerous that joinder of all members is impracticable.

95.     Upon information and belief, the size of the Maryland Class is in excess of 50 individuals.

96.     Although the precise number of such employees is unknown, the facts on which the calculation of that number depends are presently within the sole control of Lutech.

97.     Lutech has acted or has refused to act on grounds generally applicable to the Maryland Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Maryland Class as a whole.

98.     Common questions of law and fact exist as to the Maryland Class that predominate over any questions only affecting them individually and include, but are not limited to, the following:

   a)  whether Lutech violated the MWPCL, the MWHL, and the supporting Maryland Department of Labor, Licensing and Regulation regulations, as alleged herein;
   b)  whether Lutech correctly compensated Cantrell and the Maryland Class for hours worked in excess of 40 hours per workweek;
   c)  the nature and extent of class-wide injury and the measure of damages for those injuries.

98.     The claims of Cantrell are typical of the claims of the Maryland Class he seeks to represent.

99.     Cantrell and all the Maryland Class members work, or have worked, as hourly employees at Lutech and have been paid "straight time for overtime."

100.     The Maryland Class members enjoy the same statutory rights under the MWPCL and MWHL to be paid for all hours worked and to be paid overtime wages.

101.     The Maryland Class members have all sustained similar types of damages as a result of Lutech's failure to comply with the MWPCL and MWHL.

102.     Cantrell and the Maryland Class members have all been injured in that they have been uncompensated or under-compensated due to Lutech's common policies, practices, and patterns of conduct.

8

103.    Cantrell will fairly and adequately represent and protect the interests of the Maryland Class members.

104.    Plaintiffs have retained counsel competent and experienced in complex class actions and employment litigation.

105.    There is no conflict between Cantrell and the Maryland Class members.

106.    A class action is superior to other available methods for the fair and efficient adjudication of this litigation.

107.    The members of the Maryland Class have been damaged and are entitled to recovery as a result of Lutech's violations of the MWPCL and MWHL as well as their common and uniform policies, practices, and procedures.

108.    Although the relative damages suffered by individual Maryland Class members are not *de minimis,* such damages are small compared to the expense and burden of individual prosecution of this litigation.

109.    The individual Plaintiffs lack the financial resources to conduct a thorough examination of Lutech's timekeeping and compensation practices and to prosecute vigorously a lawsuit against Lutech to recover such damages.

110.    In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Lutech's practices.

111.    These claims under Maryland law are properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

112.    Cantrell brings the Sixth Cause of Action, claims under the Massachusetts Wage Act, Mass. Gen. Laws ch. 149, § 148 (MWA) and the Massachusetts Fair Wages Act, Mass. Gen. Laws c. 151§ 1(A) (MFWA), as a class action under Rule 23 of the Federal Rules of Civil Procedure, on behalf of himself and a class of persons consisting of:

**All hourly employees of Lutech employed in Massachusetts who were paid "straight time for overtime" during the past three years (the Massachusetts Class).**

113.     The members of the Massachusetts Class are so numerous that joinder of all members is impracticable.

105.     Upon information and belief, the size of the Massachusetts Class is in excess of 50 individuals.

106.     Although the precise number of such employees is unknown, the facts on which the calculation of that number depends are presently within the sole control of Lutech.

107.     Lutech has acted or has refused to act on grounds generally applicable to the Massachusetts Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Massachusetts Class as a whole.

108.     Common questions of law and fact exist as to the Massachusetts Class that predominate over any questions only affecting them individually and include, but are not limited to, the following:

   a)   whether Lutech violated the MWA, the MFWA, and the supporting Massachusetts Department of Labor regulations, as alleged herein;
   b)   whether Lutech correctly compensated Cantrell and the Massachusetts Class for hours worked in excess of 40 hours per workweek;
   c)   the nature and extent of class-wide injury and the measure of damages for those injuries.

108.     The claims of Cantrell are typical of the claims of the Massachusetts Class he seeks to represent.

109.     Cantrell and all the Massachusetts Class members work, or have worked, as hourly employees at Lutech and have been paid "straight time for overtime."

110.     The Massachusetts Class members enjoy the same statutory rights under the MWA and the MFWA to be paid for all hours worked and to be paid overtime wages.

111.     Cantrell and the Massachusetts Class members have all sustained similar types of damages as a result of Lutech's failure to comply with the MWA and the MFWA.

112.    Cantrell and the Massachusetts Class members have all been injured in that they have been uncompensated or under-compensated due to Lutech's common policies, practices, and patterns of conduct.

113.    Cantrell will fairly and adequately represent and protect the interests of the Massachusetts Class members.

114.    Plaintiffs have retained counsel competent and experienced in complex class actions and employment litigation.

115.    There is no conflict between Cantrell and the Massachusetts Class members.

116.    A class action is superior to other available methods for the fair and efficient adjudication of this litigation.

117.    The members of the Massachusetts Class have been damaged and are entitled to recovery as a result of Lutech's violations of the MWA and MFWA as well as their common and uniform policies, practices, and procedures.

118.    Although the relative damages suffered by individual Massachusetts Class members are not *de minimis,* such damages are small compared to the expense and burden of individual prosecution of this litigation.

119.    The individual Plaintiffs lack the financial resources to conduct a thorough examination of Lutech's timekeeping and compensation practices and to prosecute vigorously a lawsuit against Lutech to recover such damages.

120.    In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Lutech's practices.

121.    These claims under Massachusetts law are properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

122.    Cantrell brings the Seventh Cause of Action, claims under the overtime wage provisions of the New Jersey Labor and Workmen's Compensation Law, NJ Rev. Stat. Sec. 34:11-56a4

("NJLWCL") and its supporting regulations, as a class action under Rule 23 of the Federal Rules of Civil Procedure, on behalf of himself and a class of persons consisting of:

> **All hourly employees of Lutech employed in New Jersey who were paid "straight time for overtime" during the past three years (the New Jersey Class).**

123.    The members of the New Jersey Class are so numerous that joinder of all members is impracticable.

124.    Upon information and belief, the size of the New Jersey Class is in excess of 50 individuals. Although the precise number of such employees is unknown, the facts on which the calculation of that number depends are presently within the sole control of Lutech.

125.    Lutech has acted or has refused to act on grounds generally applicable to the New Jersey Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the New Jersey Class as a whole.

126.    Common questions of law and fact exist as to the New Jersey Class that predominate over any questions only affecting them individually and include, but are not limited to, the following:

a)   whether Lutech violated the NJLWCL, and the supporting regulations, as alleged herein;
b)   whether Lutech correctly compensated Cantrell and the New Jersey Class for hours worked in excess of 40 hours per workweek;
c)   the nature and extent of class-wide injury and the measure of damages for those injuries.

127.    The claims of Cantrell are typical of the claims of the New Jersey Class he seeks to represent.

128.    Cantrell and all the New Jersey Class members work, or have worked, as hourly employees at Lutech and have been paid "straight time for overtime."

129.    The New Jersey Class members enjoy the same statutory rights under the NJLWCL to be paid for all hours worked and to be paid overtime wages.

130.    Cantrell and the New Jersey Class members have all sustained similar types of damages as a result of Lutech's failure to comply with the NJLWCL.

131.     Cantrell and the New Jersey Class members have all been injured in that they have been uncompensated or under-compensated due to Lutech's common policies, practices, and patterns of conduct.

132.     Cantrell will fairly and adequately represent and protect the interests of the New Jersey Class members.

133.     Plaintiffs have retained counsel competent and experienced in complex class actions and employment litigation.

134.     There is no conflict between Cantrell and the New Jersey Class members.

135.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation.

136.     The members of the New Jersey Class have been damaged and are entitled to recovery as a result of Lutech's violations of the NJLWCL as well as their common and uniform policies, practices, and procedures.

137.     Although the relative damages suffered by individual New Jersey Class members are not *de minimis,* such damages are small compared to the expense and burden of individual prosecution of this litigation.

138.     The individual Plaintiffs lack the financial resources to conduct a thorough examination of Lutech's timekeeping and compensation practices and to prosecute vigorously a lawsuit against Lutech to recover such damages.

139.     In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Lutech's practices.

140.     These claims under New Jersey law are properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

141.     Cantrell brings the Eighth Cause of Action, claims under the overtime wage provisions of Article 19 of the NYLL and its supporting regulations, including, but not limited to 12 N.Y.C.R.R. §

142-2.2, as a class action under Rule 23 of the Federal Rules of Civil Procedure, on behalf of himself and a class of persons consisting of:

> **All hourly employees of Lutech employed in New York who were paid "straight time for overtime" during the past six years (the New York Class).**

142.   The members of the New York Class are so numerous that joinder of all members is impracticable.

143.   Upon information and belief, the size of the New York Class is in excess of 50 individuals.

144.   Although the precise number of such employees is unknown, the facts on which the calculation of that number depends are presently within the sole control of Lutech.

145.   Lutech has acted or has refused to act on grounds generally applicable to the New York Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the New York Class as a whole.

146.   Common questions of law and fact exist as to the New York Class that predominate over any questions only affecting them individually and include, but are not limited to, the following:

   a)  whether Lutech violated the NYLL, and the supporting regulations;
   b)  whether Lutech correctly compensated Cantrell and the New York Class for hours worked in excess of 40 hours per workweek;
   c)  the nature and extent of class-wide injury and the measure of damages for those injuries.

147.   The claims of Cantrell are typical of the claims of the New York Class he seeks to represent.

148.   Cantrell and all the New York Class members work, or have worked, as hourly employees at Lutech and have been paid "straight time for overtime."

149.   The New York Class members enjoy the same statutory rights under the NYLL to be paid for all hours worked and to be paid overtime wages.

150.    Cantrell and the New York Class members have all sustained similar types of damages as a result of Lutech's failure to comply with the NYLL.

151.    Cantrell and the New York Class members have all been injured in that they have been uncompensated or under-compensated due to Lutech's common policies, practices, and patterns of conduct.

152.    Cantrell will fairly and adequately represent and protect the interests of the New York Class members.

153.    Plaintiffs have retained counsel competent and experienced in complex class actions and employment litigation.

154.    There is no conflict between Cantrell and the New York Class members.

155.    A class action is superior to other available methods for the fair and efficient adjudication of this litigation.

156.    The members of the New York Class have been damaged and are entitled to recovery as a result of Lutech's violations of the NYLL as well as their common and uniform policies, practices, and procedures.

157.    Although the relative damages suffered by individual New York Class members are not *de minimis,* such damages are small compared to the expense and burden of individual prosecution of this litigation.

158.    The individual Plaintiffs lack the financial resources to conduct a thorough examination of Lutech's timekeeping and compensation practices and to prosecute vigorously a lawsuit against Lutech to recover such damages.

159.    In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Lutech's practices.

160.    These claims under New York law are properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

15

161.     Cantrell brings the Ninth Cause of Action, claims under the overtime wage provisions of the Pennsylvania Minimum Wage Act (PMWA), 43 Pa. Stat. Ann. § 333.104, and its supporting regulations, as a class action under Rule 23 of the Federal Rules of Civil Procedure, on behalf of himself and a class of persons consisting of:

**All hourly employees of Lutech employed in Pennsylvania who were paid "straight time for overtime" during the past three years (the Pennsylvania Class).**

162.     The members of the Pennsylvania Class are so numerous that joinder of all members is impracticable.

163.     Upon information and belief, the size of the Pennsylvania Class is in excess of 50 individuals.

164.     Although the precise number of such employees is unknown, the facts on which the calculation of that number depends are presently within the sole control of Lutech.

165.     Lutech has acted or has refused to act on grounds generally applicable to the Pennsylvania Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Pennsylvania Class as a whole.

166.     Common questions of law and fact exist as to the Pennsylvania Class that predominate over any questions only affecting them individually and include, but are not limited to, the following:

    a)   whether Lutech violated the PMWA, and the supporting regulations, as alleged herein;
    b)   whether Lutech correctly compensated Cantrell and the Pennsylvania Class for hours worked in excess of 40 hours per workweek;
    c)   the nature and extent of class-wide injury and the measure of damages for those injuries.

167.     The claims of Cantrell are typical of the claims of the Pennsylvania Class he seeks to represent.

168.     Cantrell and all the Pennsylvania Class members work, or have worked, as hourly employees at Lutech and have been paid "straight time for overtime."

169.     The Pennsylvania Class members enjoy the same statutory rights under the PMWA to be paid for all hours worked and to be paid overtime wages.

170.    Cantrell and the Pennsylvania Class members have all sustained similar types of damages as a result of Lutech's failure to comply with the PMWA.

171.    Cantrell and the Pennsylvania Class members have all been injured in that they have been uncompensated or under-compensated due to Lutech's common policies, practices, and patterns of conduct.

172.    Cantrell will fairly and adequately represent and protect the interests of the Pennsylvania Class members.

173.    Plaintiffs have retained counsel competent and experienced in complex class actions and employment litigation.

174.    There is no conflict between Cantrell and the Pennsylvania Class members.

175.    A class action is superior to other available methods for the fair and efficient adjudication of this litigation.

176.    The members of the Pennsylvania Class have been damaged and are entitled to recovery as a result of Lutech's violations of the PMWA as well as their common and uniform policies, practices, and procedures.

177.    Although the relative damages suffered by individual Pennsylvania Class members are not *de minimis,* such damages are small compared to the expense and burden of individual prosecution of this litigation.

178.    The individual Plaintiffs lack the financial resources to conduct a thorough examination of Lutech's timekeeping and compensation practices and to prosecute vigorously a lawsuit against Lutech to recover such damages.

179.    In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Lutech's practices.

180.    These claims under Pennsylvania law are properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

### FIRST CAUSE OF ACTION
### (FLSA Collective Action)

133.    By failing to pay Cantrell and those similarly situated to him overtime at one-and-one-half times their regular rates, Lutech violated the FLSA's overtime provisions.

134.    Lutech owes Cantrell and those similarly situated to him the difference between the rate actually paid and the proper overtime rate.

135.    Because Lutech knew, or showed reckless disregard for whether, its pay practices violated the FLSA, Lutech owes these wages for at least the past three years.

136.    Lutech is liable to Cantrell and those similarly situated to him for an amount equal to all unpaid overtime wages as liquidated damages.

137.    Cantrell and those similarly situated to him are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

### SECOND CAUSE OF ACTION
### (Violation of the IWPCA)
### (Rule 23 Class Action)

138.    Cantrell incorporates the preceding paragraphs by reference.

139.    This cause of action arises from Lutech's's violation of the IWPCA for its failure to pay the Illinois Class all hours worked at their agreed upon hourly rates of pay.

140.    Cantrell brings this cause of action as a class action under Rule 23 of the Federal Rules of Civil Procedure and seek to certify the Illinois Class as defined above.

141.    The Illinois Class is entitled to all unpaid wages at their agreed upon hourly rates, damages of 2% of these unpaid wages for each month following the date of payment during which these unpaid wages remain unpaid, reasonable counsel fees and costs, prejudgment interest, an injunction requiring Lutech to comply with the terms of the IWPCA, and all other relief the Court deems appropriate. *See* 820 ILCS 115/5; 820 ILCS 115/14.

### THIRD CAUSE OF ACTION
### (Violation of IMWL)
### (Rule 23 Class Action)

142.     Cantrell incorporates the preceding paragraphs by reference.

143.     This cause of action arises from Lutech's violation of the IMWL for its failure to pay the Illinois Class overtime at one and one-half times their regular rates of pay for time worked in Illinois in excess of 40 hours in any workweek.

144.     Cantrell brings this cause of action as a class action under Rule 23 of the Federal Rules of Civil Procedure and seeks to certify the Illinois Class as defined above.

145.     Lutech violated the IMWL by failing to compensate the Illinois Class members consistent with the maximum hour provisions.

146.     For all the time worked in Illinois in excess of 40 hours in individual workweeks, the Illinois Class members were entitled to be paid one and one-half times their regular rates of pay.

147.     Accordingly, the Illinois Class members are entitled to recover treble the amount of any underpayments together with costs and such reasonable attorney's fees as may be allowed by the Court, and damages of 5% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid., and any other relief deemed appropriate by the Court. *See* 820 ILCS 105/4a; 820 ILCS 105/12.

### FOURTH CAUSE OF ACTION
### (Violation of the MWPCL)
### (Rule 23 Class Action)

148.     Cantrell incorporates the preceding paragraphs by reference.

149.     This cause of action arises under the MWPCL for Lutech's failure and refusal to pay the Maryland Class members all the wages they are due.

150.     Cantrell brings this cause of action as a class action under Rule 23 of the Federal Rules of Civil Procedure and seeks to certify the Maryland Class as defined above.

151.     Lutech violated the MWPCL by failing to pay for all time worked by the Maryland Class and for failing to pay the Maryland Class all hours worked in Maryland in excess of 40 hours in any workweek at one and one-half times their regular rates of pay.

152.     The overtime wages due to the Maryland Class were not withheld as the result of a bona fide dispute.

153.     Accordingly, Cantrell and the Maryland Class are entitled to judgment for their unpaid overtime wages, and an amount equal to three times their unpaid overtime wages, attorney's fees and costs, prejudgment interest at 6% per annum on the back wages in accordance with Maryland Const. Art II, § 57, and an injunction precluding Lutech from violating the MWPCL. *See* Md. Code. Ann., Lab & Empl., §§ 3-415; 3-427; 3-502, 3-507.2.

### FIFTH CAUSE OF ACTION
### (Violation of MWHL)
### (Rule 23 Class Action)

154.     Cantrell incorporates the preceding paragraphs by reference.

155.     This cause of action arises from Lutech's failure to pay the Maryland Class members overtime wages at one and one-half times their usual hourly wages for hours worked in Maryland in excess of 40 in any workweek.

156.     Cantrell brings this count as a class action under Rule 23 of the Federal Rules of Civil Procedure and seeks to certify the Maryland Class as defined above.

157.     Lutech violated the MWHL by failing to pay the Maryland Class at one and one-half times their usual rates of pay for hours they worked in Maryland in excess of 40 in any workweek.

158.     Accordingly, the Maryland Class members are entitled to unpaid overtime wages, plus reasonable counsel fees and costs, and any other relief deemed appropriate by the Court. *See* Md. Code. Ann., Lab & Empl., §§ 3-415, 3-427.

**SIXTH CAUSE OF ACTION**
**(Violation of the MWA and MFWA)**
**(Rule 23 Class Action)**

159.     Cantrell incorporates the preceding paragraphs by reference.

160.     This cause of action arises from Lutech's failure to pay the Massachusetts Class members overtime wages at one and one-half times their usual hourly wages for hours worked in Massachusetts in excess of 40 in any workweek.

161.     Cantrell brings this count as a class action under Rule 23 of the Federal Rules of Civil Procedure and seeks to certify the Massachusetts Class as defined above.

162.     Lutech violated the MWA and MFWA by failing to pay the Massachusetts Class at one and one-half times their usual rates of pay for hours they worked in Massachusetts in excess of 40 in any workweek.

163.     Accordingly, the Massachusetts Class members are entitled to unpaid overtime wages, treble damages, litigation costs, plus reasonable counsel fees, and any other relief deemed appropriate by the Court. See Mass. Gen. Laws c. 151§ 1B.

**SEVENTH CAUSE OF ACTION**
**(Violation of New Jersey Overtime Laws)**
**(Rule 23 Class Action)**

164.     Cantrell incorporates the preceding paragraphs by reference.

165.     This cause of action arises from Lutech's failure to pay the New Jersey Class members overtime wages at one and one-half times their usual hourly wages for hours worked in New Jersey in excess of 40 in any workweek.

166.     Cantrell brings this count as a class action under Rule 23 of the Federal Rules of Civil Procedure and seeks to certify the New Jersey Class as defined above.

167.     Lutech violated the NJLWCL by failing to pay the New Jersey Class at one and one-half times their usual rates of pay for hours they worked in New Jersey in excess of 40 in any workweek.

168.     Accordingly, the New Jersey Class members are entitled to recover from Lutech their unpaid overtime wages, liquidated damages, as provided for by N.J.S.A § 34:11-56a25, reasonable attorneys' fees, costs, and prejudgment and post-judgment interest.

### EIGHTH CAUSE OF ACTION
### (Violation of NYLL)
### (Rule 23 Class Action)

169.     Cantrell incorporates the preceding paragraphs by reference.

170.     This cause of action arises from Lutech's failure to pay the New York Class members overtime wages at one and one-half times their usual hourly wages for hours worked in New York in excess of 40 in any workweek.

171.     Cantrell brings this count as a class action under Rule 23 of the Federal Rules of Civil Procedure and seeks to certify the New York Class as defined above.

172.     Lutech violated the NYLL by failing to pay the New York Class at one and one-half times their usual rates of pay for hours they worked in New York in excess of 40 in any workweek.

173.     Accordingly, the New York Class members are entitled to recover from Lutech their unpaid overtime wages, liquidated damages, as provided for by NYLL Article 6 § 198, reasonable attorneys' fees, costs, and prejudgment and post-judgment interest.

### NINTH CAUSE OF ACTION
### (Violation of the PMWA)
### (Rule 23 Class Action)

174.     Cantrell incorporates the preceding paragraphs by reference.

175.     This cause of action arises from Lutech's failure to pay the Pennsylvania Class members overtime wages at one and one-half times their usual hourly wages for hours worked in Pennsylvania in excess of 40 in any workweek.

176.     Cantrell brings this count as a class action under Rule 23 of the Federal Rules of Civil Procedure and seeks to certify the Pennsylvania Class as defined above.

177.     Lutech violated the PMWA by failing to pay the Pennsylvania Class at one and one-half times their usual rates of pay for hours they worked in Pennsylvania in excess of 40 in any workweek.

178.     Accordingly, the Pennsylvania Class members are entitled to recover from Lutech their unpaid overtime wages, all available penalty wages, reasonable attorneys' fees, costs, and prejudgment and post-judgment interest.

**PRAYER**

Cantrell prays for relief as follows:

1.     An order allowing this action to proceed as a collective action under the FLSA and directing notice to all hourly employees who received straight time for overtime;

2.     An order permitting this litigation to proceed as a class action pursuant to FED. R. CIV. P. 23 on behalf of the Illinois Class;

3.     An order permitting this litigation to proceed as a class action pursuant to FED. R. CIV. P. 23 on behalf of the Maryland Class;

4.     An order permitting this litigation to proceed as a class action pursuant to FED. R. CIV. P. 23 on behalf of the Massachusetts Class;

5.     An order permitting this litigation to proceed as a class action pursuant to FED. R. CIV. P. 23 on behalf of the New Jersey Class;

6.     An order permitting this litigation to proceed as a class action pursuant to FED. R. CIV. P. 23 on behalf of the New York Class;

7.     An order permitting this litigation to proceed as a class action pursuant to FED. R. CIV. P. 23 on behalf of the Pennsylvania Class;

8.     Back pay damages and prejudgment interest to the fullest extent permitted under the law;

9.     Liquidated damages to the fullest extent permitted under the law;

10.    Treble damages to the fullest extent permitted under the law;

11.    Penalties to the fullest extent permitted under the law;

12.     Attorneys' fees and costs to the fullest extent permitted under the law;

13.     An award of pre- and post-judgment interest on all amounts awarded at the highest rate allowable by law; and

14.     All such other and further relief to which Plaintiffs and those similarly situated to them may show themselves to be justly entitled.

Respectfully submitted,

**BRUCKNER BURCH PLLC**

**/s/ Rex Burch**
By: _____
        Richard J. (Rex) Burch
        Texas Bar No. 24001807
        James A. Jones
        Texas Bar No. 10908300
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
(713) 877-8788 – Telephone
(713) 877-8065 – Facsimile
rburch@brucknerburch.com
jjones@brucknerburch.com

Michael A. Josephson
Texas Bar No. 24014780
Andrew W. Dunlap
Texas Bar No. 24078444
**JOSEPHSON DUNLAP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
Tel: (713) 352-1100
Fax: (713) 352-3300
mjosephson@mybackwages.com
adunlap@mybackwages.com

## CERTIFICATE OF SERVICE

I served this document on all parties via the Court's ECF system.

**/s/ *Rex Burch***
_____
Richard J. Burch

24