United States District Court
Southern District of Texas
**ENTERED**
January 02, 2020
David J. Bradley, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| CHRISTOPHER CANTRELL, Individually and for Others Similarly Situated,<br><br>v.<br><br>LUTECH RESOURCES, INC. | Case No. 4:17-CV-2679 |

### ORDER GRANTING PRELIMINARY APPROVAL
### OF CLASS/COLLECTIVE ACTION SETTLEMENT

Before the Court is Christopher Cantrell's Unopposed Motion for Preliminary Approval of Class/Collective Action Settlement (Preliminary Approval Motion). After considering the Preliminary Approval Motion and the papers supporting same, the Court ORDERS as follows:

1. Pursuant to Rule 23 of the Federal Rules of Civil Procedure (Rule 23), the proposed settlement of the Illinois, Maryland, Massachusetts, New Jersey, New York, and Pennsylvania Classes state law claims embodied in the Settlement Agreement and Release (Settlement) is hereby preliminarily approved as fair, reasonable, and adequate, and in the best interests of the Settlement Class (as defined in the Settlement), in light of the factual, legal, practical, and procedural considerations raised by this case.

2. Solely for the purpose of the settlement defined in the Settlement, and pursuant to Rule 23(e), the Court hereby preliminarily certifies the following Rule 23 settlement classes:

   a. All hourly employees of Lutech employed Illinois who were paid "straight time for overtime" during the past three years who have not previously filed a Consent to Join this Action (the Illinois Class).

   b. All hourly employees of Lutech employed in Maryland who were paid "straight time for overtime" during the past three years who have not previously filed a Consent to Join this Action (the Maryland Class).

   c. All hourly employees of Lutech employed in Massachusetts who were paid "straight time for overtime" during the past three years who have not previously filed a

Consent to Join this Action (the Massachusetts Class).

d. All hourly employees of Lutech employed in New Jersey who were paid "straight time for overtime" during the past three years who have not previously filed a Consent to Join this Action (the New Jersey Class).

e. All hourly employees of Lutech employed in New York who were paid "straight time for overtime" during the past six years who have not previously filed a Consent to Join this Action (the New York Class).

f. All hourly employees of Lutech employed in Pennsylvania who were paid "straight time for overtime" during the past three years who have not previously filed a Consent to Join this Action (the Pennsylvania Class).

3. This Court previously conditionally certified the following collective action s under Section 216(b) of the Fair Labor Standards Act (FLSA):

> **All hourly employees of Lutech who were paid "straight time for overtime" at any point in the past 3 years.**

Following the issuance of Notice, nearly 1,700 workers (the Opt-Ins) joined this Action by filing notices of consent pursuant to 29 U.S.C. § 216(b).

4. The Court orders the Illinois, Maryland, Massachusetts, New Jersey, New York, and Pennsylvania Classes preliminarily certified for settlement purposes only. The Court's findings are for purposes of preliminarily certifying the Illinois, Maryland, Massachusetts, New Jersey, New York, and Pennsylvania Classes and will not have any claim, issue, or evidentiary preclusion or estoppel effect in any other action against Lutech or in this litigation if the Settlement is not finally approved.

5. The Court finds certification of the Illinois, Maryland, Massachusetts, New Jersey, New York, and Pennsylvania Classes, solely for purposes of Settlement, is appropriate in that: (a) the Illinois, Maryland, Massachusetts, New Jersey, New York, and Pennsylvania Class Members are so numerous that joinder of all Illinois, Maryland, Massachusetts, New Jersey, New York, and Pennsylvania Class Members is impracticable; (b) there are questions of law and fact common to the Illinois, Maryland, Massachusetts, New Jersey, New York, and Pennsylvania Classes which predominate over any individual questions; (c) claims of the Class Representative are typical of the

claims of the Illinois, Maryland, Massachusetts, New Jersey, New York, and Pennsylvania Classes; (d) the Class Representative and Class Counsel have fairly and adequately represented and protected the interests of the Illinois, Maryland, Massachusetts, New Jersey, New York, and Pennsylvania Classes; and (e) a class action settlement is superior to other available methods for the fair and efficient adjudication of the controversy.

6. The Court hereby preliminarily appoints Christopher Cantrell as the representative of the Illinois, Maryland, Massachusetts, New Jersey, New York, and Pennsylvania Classes and finds that he meets the requirements of Rule 23(a)(4).

7. In accordance with Rules 23(a)(4) and (g) and the FLSA, the Court approves the following attorneys as Class Counsel for the State Law Classes:

> Richard J. Burch
> **BRUCKNER BURCH PLLC**
> 8 Greenway Plaza, Suite 1500
> Houston, Texas 77046
>
> and
>
> Michael A. Josephson
> **JOSEPHSON DUNLAP LAW FIRM**
> 11 Greenway Plaza, Suite 3050
> Houston, Texas 77005

8. The Court finds the plan for Class Notice (as defined in the Settlement Agreement at *4-5) is the best notice practicable under the circumstances and satisfies the requirements of due process and Rule 23. The plan is approved and adopted. The Court further finds that the Class Notice complies with Rule 23(c)(2) and Rule 23(e). It is therefore appropriate as part of the plan for issuing notice set forth in the Settlement Agreement as approved and adopted.

9. The Court finds and orders that no other notice is necessary.

10. The Court finds that ILYM Group, Inc. is qualified to act as the Settlement Administrator (as defined in the Settlement) for this settlement.

11. The Court preliminarily finds the requested attorney's fees and costs are reasonable.

12. The Court preliminarily finds that the requested amount to pay the Settlement Administrator is reasonable.

13. The Court preliminarily finds that the amount of the Service Award to Named Plaintiff Christopher Cantrell is reasonable.

14. To effectuate the settlement, the Court hereby establishes the following deadlines and dates for the acts and events as set forth in the Stipulation, and directs the parties to incorporate the deadlines and dates in the Class Notice and required forms attached to the Stipulation as follows:

| DESCRIPTION | DEADLINE |
| --- | --- |
| Deadline for Defendants to provide Claims Administrator with Database of Class Members | Within 20 calendar days after the Court issues the Preliminary Approval Order |
| Deadline for mailing and emailing of Class Notices by Claims Administrator | Within 14 calendar days after receipt of the Class List from Defendants |
| Deadline for Class Members to submit Opt-Out Request Form or to file written objections to the settlement, if applicable | Within 60 calendar days after the date of initial mailing of Class Notice |
| Deadline for Class Members to submit a Settlement Claim form | Within 60 calendar days after the date of initial mailing of Class Notice |
| Deadline for Settlement Administrator to file Final Report as defined in Settlement | Within 7 calendar days following Notice Deadline |
| Deadline for Class Representative to file Motion for Final Approval, including any request for attorneys' fees and costs. | Within 14 calendar days after the Final Report |

| Deadlines for Lutech to fund Qualified Settlement Fund | $2,500,000 on January 15, 2020; $2,500,000 on February 15, 2020; $3,000,000 on March 15, 2020, and the remaining Net Settlement Amount is due on April 15, 2020 according to the Settlement Administrator's Final Report. If the Final Report has not issued by April 10, 2020, Lutech will pay the Settlement Administrator's best estimate of the remaining Net Settlement Amount due by April 30, 2020. |
|---|---|
| Deadline for Claims Administrator to mail Settlement Payment to each Participating Claimant. | Within 30 calendar days after Court's Final Approval Order |

15. The fairness hearing and hearing for Final Approval set forth in the Class Notice is hereby scheduled for **April**, **30**, 2020 at **2:00** a.m./p.m, in Courtroom 9B, 9th Floor, U.S. Courthouse, 915 Rusk Ave., Houston, TX 77002.

IT IS SO ORDERED.

DATED: **JAN. 2, 2020**

SIM LAKE
UNITED STATES DISTRICT JUDGE