# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| CHRISTOPHER CANTRELL, Individually and for Others Similarly Situated, | Case No. 4:17-Cv-2679 |
| | FLSA Collective Action |
| v. | |
| LUTECH RESOURCES, INC. | |

## PLAINTIFFS' UNOPPOSED MOTION FOR FINAL SETTLEMENT APPROVAL

Respectfully submitted,

**BRUCKNER BURCH PLLC**

Richard J. (Rex) Burch
Texas Bar No. 24001807
S.D. Tex. No. 21615
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
Telephone: (713) 877-8788
Telecopier: (713) 877-8065

**Attorneys for Plaintiffs**

1.    SUMMARY OF THE CASE, ARGUMENT, AND ISSUES.

Christopher Cantrell seeks final approval of the settlement in this FLSA collective action covering certain employees Cantrell alleges were denied overtime pay. This Court originally approved the parties' Settlement Agreement and Release (the "Settlement") on a preliminary basis back on January 2, 2020. *See* Dkt. 154. After a delay due to Lutech's parent company's bankruptcy, the Court again approved the Settlement on August 6, 2020 (with some revisions to Lutech's funding deadlines). Dkt. 163. Now, nearly a year after the original approval, Cantrell seeks final dismissal of this matter with prejudice.

**Not one** of the individuals covered by this Settlement[1] objected to the settlement or requested exclusion. As preliminarily determined by the Court, the Settlement is a fair, reasonable, and adequate resolution of this matter. *See* Dkt. 163. The Court should now exercise its considerable discretion and finally approve the Settlement. *Union Asset Mgmt. Holding A.G. v. Dell, Inc.*, 669 F.3d 632, 638 (5th Cir. 2012) (an abuse of this discretion "occurs only when all reasonable persons would reject the view of the district court").

2.    PROCEDURAL BACKGROUND.

On September 9, 2017, Cantrell brought this case as a nationwide FLSA collective action based on Lutech's failure to pay overtime to certain of its hourly employees. This parties stipulated to notice to all hourly employees of Lutech who were paid "straight time for overtime" during the 3-year period prior to the Court's approval of the stipulation. *See* Dkt. 20. This Court approved the Parties' Stipulation Regarding Conditional Certification on February 13, 2018. *See* Dkt. 21. More than 1,500 workers joined this Action by filing notices of consent pursuant to 29 U.S.C. § 216(b).

Between October 2018 and May 2019, the Parties attended three mediations. Following the third mediation on May 24, 2019, the Parties agreed to the material terms of the Settlement of this Action.

---

[1] The Eligible Class Members are listed on Exibit 1.

Cantrell provided Lutech with a Memorandum of Understanding reflecting the terms of the settlement that same day. After significant delay (and an impending hearing before the Court), Lutech finally signed the Memorandum of Understanding on August 1, 2019.

After additional wrangling (including multiple settings before this Court and a settlement conference before Judge Johnson, the Parties finalized the details of the Settlement. *See* Dkt. 153-1. As part of the Settlement, Cantrell filed an unopposed First Amended Complaint, adding state law claims under the IWPCA, the IMWL, the MWPCL, the MWHL, the MWA, the MFWA, the NJLWCL, the NYLL, and the PMWA. The Parties sought, and received preliminary approval, of the Settlement from this Court. Dkt. 154.

But just twenty-one days later, Lutech's parent company (McDermott International, Inc.) filed bankruptcy. Dkt. 155. In response, this Court dismissed the case without prejudice to reinstatement within 30 days after the bankruptcy stay was discontinued. Dkt. 156. Once the bankruptcy stay was terminated, Plaintiffs promptly moved to reinstate this case. Dkt. 159. After some more rangling over payment terms (Lutech did not make any payments during McDermott's bankruptcy), the parties agreed to a revised preliminary approval order that was entered by the Court. Dkt. 163.

As discussed below, the Court's initial determination was correct. The Settlement should, therefore, be finally approved, the classes finally certified, and the claims of the Settlement Class Members (Exhibit 1) be dismissed with prejudice.

3.    THE SETTLEMENT APPROVAL PROCESS.

When reviewing a proposed FLSA settlement, a court should "decide whether the proposed settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores v. United States*, 679 F.2d 1350, 1353, 1355 (11th Cir. 1982). The endorsement of a proposed FLSA settlement by counsel for both parties is a "factor that weighs in favor of approval" of an FLSA settlement agreement because "counsel for each side possess[es] the unique ability to assess the potential risks and

rewards of litigation." *Quintanella v. A&R Demolition, Inc.,* No. H-04-1965, 2008 WL 9410399, at *5 (S.D. Tex. May 7, 2008).

Similarly, a Rule 23 class action may not be dismissed, compromised, or settled without Court approval. Fed. R. Civ. P. 23(e). The settlement as a whole, rather than the component parts, is the proper level of inquiry. *Hanlon v. Chrysler Corp.,* 150 F.3d 1011, 1026 (9th Cir. 1998). The proposed settlement must "stand or fall in its entirety" and the Court may not "delete, modify or substitute certain provisions." *Id.* The private consensual decision of the parties is entitled to deference. *Id.* at 1027.

**4.     THIS COURT SHOULD FINALLY APPROVE THE SETTLEMENT.**

As the Court is well aware, it may approve a settlement after finding it is "fair, reasonable, and adequate." A settlement is fair, reasonable, and adequate when "the interests of the class are better served by the settlement than by further litigation." *Manual for Complex Litigation Fourth* (Fed. Judicial Center 2004), § 21.6 at 309. The Court preliminarily approved the Settlement twice. *See* Dkts. 154, 163. Final approval is now appropriate.

**A.     The Settlement is Fair, Reasonable, and Adequate.**

The settlement here is more than fair and reasonable and should be finally approved by this Court. As the Court is aware (and has commented), the settlement provides substantial monetary relief. Dkt. 153-1 at 2. The reasonableness of the Settlement is underscored by Lutech's significant legal and factual grounds for defending this action.

While Cantrell asserts Lutech missclassifed him, and other employees like him, as exempt, Lutech disagrees. Lutech points to the high compensation rates of many class members, as well as the advanced functions many of the employees performed. The Parties further disagreed on whether Cantrell could satisfy his burden to demonstrate Lutech acted willfully, which in turn affects whether Cantrell and the class members could recover for a period of two years or three years under the FLSA. *See* 29 U.S.C. § 255.

Lutech also presented evidence that it acted in good faith which, if credited, could reduce (or even eliminate) the possibility of liquidated damages. See 29 U.S.C. § 260.

Moreover, an adverse decision against either side would likely result in an appeal (further delaying resolution of this matter). Such efforts would likely take years. Indeed, Plaintiffs' counsel have been involved in several wages cases that took years to resolve, even after *successful* determinations – such as a jury verdict in favor of the plaintiffs - on the merits. *See, e.g., Roussell v. Brinker Int'l, Inc.,* 441 F. App'x 222 (5th Cir. 2011) (more than 6 years of litigation, including more than 2 ½ years of litigation after a jury verdict in plaintiffs' favor); *Belt v. EmCare, Inc.,* 444 F.3d 403 (5th Cir. 2006) (nearly 2 years of litigation after summary judgment rendered in favor of plaintiffs). By contrast, the Settlement ensures timely and substantial relief.

Additionally, the range of recovery also weighs in favor of approving the settlement. Courts consider "the range of possible damages that could be recovered at trial, and, then, by evaluating the likelihood of prevailing at trial and other relevant factors, determine whether the settlement is pegged at a point that is fair to the plaintiff settlors." *Neff v. VIA Metro. Transit Auth.,* 179 F.R.D. 185, 210 (W.D. Tex. 1998)(quoting *In re Corrugated Container Antitrust Litig.,* 643 F.2d 195, 213 (5th Cir. 1981)). "[T]he fact that a proposed settlement may only amount to a fraction of the potential recovery does not, in and of itself, mean that the proposed settlement is grossly inadequate and should be disapproved. In fact there is no reason, at least in theory, why a satisfactory settlement could not amount to a hundredth or even a thousandth part of a single percent of the potential recovery." *Parker v. Anderson*, 667 F.2d 1204, 1210 n.6 (5th Cir. 1982) (5th Cir.), *cert. denied*, 459 U.S. 828 (1982) (internal quotation omitted).

As explained above, Plaintiffs were not certain to recover any damages if this case was litigated further, whereas settlement provided an immediate benefit to all Settlement Class Members. Moreover, the Settlement represents a reasonable compromise based upon Class Counsel's assessment of the damages at issue. In light of these issues, the recovery is more than fair, reasonable, and adequate.

**B.  The Settlement Resulted from Arms' Length and Informed Negotiations.**

Courts favor "deference to the private consensual decision of the settling parties, particularly where the parties are represented by experienced counsel and negotiation has been facilitated by a neutral party-in this instance, a private mediator and a magistrate judge." *Beck-Ellman v. Kaz USA, Inc.*, 3:10-CV-02134-H-DHB, 2013 WL 1748729, at *5 (S.D. Cal. Jan. 7, 2013) ( quotes omitted). "In reality, parties, counsel, mediators, and district judges naturally arrive at a reasonable range for settlements by considering the likelihood of a plaintiff's or defense verdict, the potential recovery, and the chances of obtaining it, discounted to present value." *Id.* (quoting *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 965 (9th Cir. 2009)).

Here, counsel for both Plaintiffs and Defendant are experienced class action litigators. *See, e.g.,* Dkt. 153-1 at 2 (indentifying Class Counsel and Defendant's Counsel); Dkt. 153-2 (explaining Class Counsel's qualifications). Each vigorously advocated their respective clients' positions. Given its active involvement in bringing the Settlement to this point, the Court knows full well that the Settlement was reached only after considerable effort, requiring the involvement of both an experienced mediator, a settlemet conference with Magistrate Judge Johnson, and this Court. *See, e.g.,* Dkts. 124 (report on third mediation), 134 (order setting weekly meetings on settlement progress), 138 (magistrate's order on settlement conferece). In reaching the Settlement, counsel on both sides relied on their respective substantial litigation experiences in similar employment class actions, and thorough analysis of the legal and factual issues presented in this case. Information gleaned from investigation and discovery contributed to the Parties' assessment of the strengths and weaknesses of the case and the benefits of the settlement. All parties engaged in significant fact finding and legal analysis, and have exhaustively evaluated the issues. Dkt. 153-2 at ¶¶ 11-15.

Again, achieving a settlement required **three** sessions before an experienced wage mediator—Annie Estevez[2]—from on the nation's largest lawfirms. Moreover, Magistrate Judge Nancy Johnson also assisted the parties in finally committing the Settlement to terms. Dkt. 139 (order reporting on results of Judge Johnson's settlement conference). The parties' "consensus" Settlement, reached with the assistance of a federal magistrate judgment, a seasoned mediator, and experienced counsel on all sides, is worthy of deference. *Beck-Ellman*, 2013 WL 1748729, at *5.

### C. The Class Responded Positively to the Settlement.

**Not one** Eligible Class Members requested exclusion or registered any objection to the Settlement. This further confirms the Settlement is reasonable. *See In re Apollo Grp. Inc. Sec. Litig.*, CV 04-2147-PHX-JAT, 2012 WL 1378677, at *3 (D. Ariz. Apr. 20, 2012) ("There have been no objections from Class Members[,] … which itself is compelling evidence that the Proposed Settlement is fair, just, reasonable and adequate."). Further, the Eligible Class Members bound by the Settlement had the opportunity to decide for themselves whether to participate in this case. Dkt. 153-1 at 2-4.

### D. Cantrell's Service Award is Reasonable.

Courts routinely approve service awards to compensate named plaintiffs for the services they provide and the risks they incur during class action litigation. *McClain v. Lufkin Ind., Inc.*, No. 9:97CV63, 2009 WL 5814124 at *4 (E.D. Tex. Dec. 22, 2009); *see also, Manual for Complex Litigation*, § 30.42 (noting that such awards "may sometimes be warranted for time spent meeting with class members or responding to discovery"). The proposed service award to Christopher Cantrell recognizes his initiative and efforts on behalf of the Eligible Class Members, his willingness to delay resolution of his own case to benefit the class. *See* Dkt. 153-2 at ¶ 18. The amount of the enhancement is tiny in comparison to the Gross Settlement Amount (far, far less than 1%) and is reasonable. *Id.*

---

[2] https://www.morganlewis.com/bios/aestevez.

**E.  The Fees and Costs to Class Counsel Are Reasonable.**

Plaintiffs are entitled to recover their attorney's fees and costs for their claims for unpaid overtime pay. *See, e.g.,* 29 U.S.C. § 216(b). Per the Settlement, Class Counsel is to be paid an attorney's fees of 40% of the Gross Settlement Amount and reimbursement for no more than $75,000 in expenses/costs.[3] The parties negotiated this term, and Lutech agreed to these requests. *See* Dkt. 153-1 at 2. As the Fifth Circuit has noted, the "customary contingency" for this type of litigation is "35 to 40 percent." calls for a 40% contingency. *See, e.g., Matthews v. Priority Energy Servs., LLC*, No. 6:15CV448, 2018 WL 1939327, at *1 (E.D. Tex. Apr. 20, 2018), adopted, 2018 WL 2193030 (E.D. Tex. May 11, 2018) (approving settlement of FLSA collective action containing 40% fee to class counsel); *Wolfe v. Anchor Drilling Fluids USA Inc.*, No. 4:15-CV-1344, 2015 WL 12778393, at *3 (S.D. Tex. Dec. 7, 2015) (same).

**5.    CONCLUSION.**

For these reasons, and the reasons stated in this Court's preliminary approval order, Cantrell respectfully requests this Court: (1) grant final collective and class certification; (2) grant final approval of the settlement; and (3) dismiss the claims of the Eligible Class Members with prejudice.

---

[3]    Class Counsel's costs are, in fact, significantly higher than $75,000. However, given the terms of the Settlement, Class Counsel will simply "eat" those costs.

Respectfully submitted,

**BRUCKNER BURCH PLLC**

**/s/ Rex Burch**

By: _____

      Richard J. (Rex) Burch
      S.D. Tex. No. 21615
      Texas Bar No. 24001807
      *Attorney-In-Charge for Plaintiffs*
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
Telephone: (713) 877-8788
Telecopier: (713) 877-8065
rburch@brucknerburch.com

Michael A. Josephson
State Bar No. 24014780
Andrew W. Dunlap
State Bar No. 24078444
**JOSEPHSON DUNLAP LLP**
11 Greenway Plaza, Ste. 3050
Houston, Texas 77046
Telephone:    (713) 352-1100
Telecopier:    (713) 352-3300
mjosephson@mybackwages.com
adunlap@mybackwages.com

## CERTIFICATE OF CONFERENCE

This motion is unopposed.

**/s/ Rex Burch**

_____

Richard J. (Rex) Burch

## CERTIFICATE OF SERVICE

I served this document on all parties via the Court's ECF system.

**/s/ Rex Burch**

_____

Richard J. (Rex) Burch